**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TARA CARRION,**
                                   Plaintiff,

**vs.**                                                    **CASE NO. _____**

**ARS NATIONAL SERVICES, INC.**
**d/b/a ASSOCIATED RECOVERY**
**SYSTEMS** (a foreign profit corporation),
                                   Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

     1.     Plaintiff alleges violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

     2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

     3.     Plaintiff, Tara Carrion is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

4.      Defendant, ARS National Services, Inc. d/b/a Associated Recovery Systems is a foreign profit corporation organized and existed under the laws of the State of California with its principal place of business at 201 W. Grand Ave., Escondido, CA 92025.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as that term is defined in the FDCPA and the FCCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10.     Defendant left the following messages on Plaintiff's voicemail on or about the dates stated:

**August 15, 2011 at 2:16 PM**
"Hi, this message is for Tara. My name is Kim; return my call at 800-232-1258, file number 23301052, extension 1248."

**September 6, 2011 at 2:57 PM**
"Hi, this message is for Tara. My name is Sharon; return my call 800-232-1258, reference number 23301052, extension 1248."

11.     The messages are "communications" as defined by 15 U.S.C. § 1692a(2).

*See* Berg v. Merchs. Ass'n Collection Div., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12.     In the messages, Defendant failed to disclose the Defendant's name and the purpose of the call.   Additionally, Defendant failed to inform Plaintiff that the communication was from a debt collector.

13.     As of October 6, 2011, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of such attorney's name and address.   Defendant's knowledge of same is evidenced by Defendant's October 6, 2011 letter to Plaintiff that Defendant sent to the office of Plaintiff's attorney.   A copy of Defendant's October 6, 2011 letter is attached hereto as Exhibit "A".

14.     Defendant communicated with Plaintiff regarding the alleged debt despite Defendant's knowledge that Plaintiff was represented by an attorney by leaving the following messages on Plaintiff's voicemail on or about the dates stated:

**<u>October 11, 2011 at 1:46 PM</u>**
"Hi, this message is for Tara Carrion. If you are not Tara Carrion please stop listening to this message. If you are Tara Carrion, only listen to the following information in private. There will now be a pause. This is Kim from ARS National Services a debt collector with an attempt to collect a debt. Any information obtained will be used for that purpose. Return my call 800-232-1258. Reference number 23301052. My direct extension is 1248."

**<u>October 11, 2011 at 2:50 PM</u>**
"This message is for Tara Carrion. If you are not Tara Carrion please stop listening to this message. If you are Tara Carrion, only listen to the following information in private. There will now be a pause. This is Kim from ARS National Services a debt collector with an attempt to collect a debt. Any information obtained will be used for that purpose. Return my call 800-232-1258. Reference number 23301052…"

**October 14, 2011 at 12:45 PM**
"Hi, this message is for Tara Carrion. If you are not Tara Carrion please stop listening to this message. If you are Tara Carrion, only listen to the following information in private. There will now be a pause. This is Kim from ARS National Services a debt collector with an attempt to collect a debt…"

**December 22, 2011 or December 29, 2011 at 8:11 PM**
"Hi, this message is for Tara Carrion. If this is not Tara Carrion, please stop listening to this message. If this is Tara only listen to the following information in private. There will now be a pause. Tara this is Michael Vargas calling from ARS National Services a debt collector with an attempt to collect a debt. Any information obtained will be used for that purpose. Please give me a call as soon as possible. Phone number is 1-800-232-1258 and my extension here is 1180. Thank you."

<u>COUNT I</u>
**COMMUNICATING WITH A REPRESENTED DEBTOR
IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**

15.    Plaintiff incorporates paragraphs 1 through 14 above as if fully set forth herein.

16.    Defendant communicated with a debtor it knew was represented by an attorney with respect to such debt with knowledge of such attorney's name and address in violation of Fla. Stat. § 559.72(18).

17.    Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with Fla. Stat. § 559.72(18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Statutory damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATING WITH A REPRESENTED DEBTOR
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

18.     Plaintiff incorporates paragraphs 1 through 14 above as if fully set forth herein.

19.     Defendant communicated with a debtor it knew was represented by an attorney with respect to such debt with knowledge of such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2).

20.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with 15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a.     Statutory damages;

  b.     Attorney's fees, litigation expenses and costs of suit; and

  c.     Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

21.     Plaintiff incorporates paragraphs 1 through 14 above as if fully set forth herein.

22.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. § 1692d(6).

23.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with 15 U.S.C. § 1692d(6).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Statutory damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

<u>COUNT IV</u>
**FAILURE TO MAKE DISCLOSE STATUS AS DEBT COLLECTOR
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)**

24.     Plaintiff incorporates paragraphs 1 through 14 above as if fully set forth herein.

25.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11).  *See* <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 4793 (M.D. Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

26.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with 15 U.S.C. § 1692e(11).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Statutory damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

THE CONSUMER RIGHTS LAW GROUP, PLLC

/s/ James S. Giardina
JAMES S. GIARDINA
Fla. Bar. No. 0942421
The Consumer Rights Law Group
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Trial Counsel for Plaintiff*